UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTOPORT (MICHIGAN) LTD,

               Plaintiff,

v.

UNIVERSAL PROTECTION
SERVICE, LLC,

               Defendant.

_____/

Case No. 2:25-cv-10408

Honorable Susan K. DeClercq
United States District Judge

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 32)

In this case, Defendant had nine months to depose three of Plaintiff's employees before the close of discovery but did not do so. So, more than a week after discovery closed, Defendant filed a motion to extend the discovery deadline to depose those employees. This Court denied Defendant's motion, finding Defendant had not demonstrated the required good cause and excusable neglect for the extension. Now, Defendant has filed a motion for reconsideration—not on the basis of new facts or changed law, but on the strength of the same record this Court already carefully considered and rejected. As explained below, Defendant's motion will be denied.

## I. BACKGROUND

In February 2025, Plaintiff Autoport (Michigan) Ltd. ("Autoport") filed this

breach of contract and negligence action against Defendant Universal Protection Service, LLC, d/b/a Allied Universal Security Services ("Allied"). ECF No. 1.

In May 2025, the Court set the fact discovery cutoff for January 8, 2026, giving the parties approximately eight months to complete fact discovery. ECF No. 13. A settlement conference was subsequently scheduled for February 18, 2026. ECF No. 14.

In October 2025, following a status conference with the parties, the Court extended the fact discovery deadline to February 6, 2026. ECF No. 21. The extension was required, in part, by Allied's counsel's failure to respond to some written discovery—a delay that counsel attributed to herself, not her client.

On February 17, 2026—the day before the settlement conference and approximately eleven days after the close of fact discovery—Allied filed a motion to compel. ECF No. 25. The motion sought an extension of the discovery period so that Allied's attorney could take the depositions of three of Plaintiff's employees.

First, the Court found that Allied offered no explanation why its motion to compel was not filed before the discovery cutoff. Allied's motion was filed 11 days after the discovery deadline expired, on the eve of the settlement conference. The Court recognized that Allied's counsel referenced a "family issue" and alleged that "no grace was forthcoming" from opposing counsel near the close of discovery, but

found that Allied had not explained why it failed to seek relief earlier or why it waited until after the deadline to file. ECF No. 27, PageID.306.

Second, and equally important, the Court found that Allied had not explained why, over the course of nine months of fact discovery, it was unable to secure the depositions it sought. The failure to diligently pursue discovery throughout the discovery period was an independent basis for the Court's ruling—one that Allied's motion for reconsideration does not address.

Allied now moves for reconsideration of that order. ECF No. 32.

## II. LEGAL STANDARD

### A. Motions for Reconsideration

Local Rule 7.1(h)(2) governs motions for reconsideration of nonfinal orders. Motions for reconsideration are disfavored and must be filed within 14 days after entry of the order. Such a motion may be brought only on the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (B) An intervening change in controlling law warrants a different outcome; or (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

To succeed under Local Rule 7.1(h)(2)(A), a movant must demonstrate "(1) that the court made a mistake, (2) that correcting the mistake changes the outcome

of the prior decision, and (3) that the mistake was based on the record and law before the court at the time of its prior decision." *Hillman Power Co. v. OnSite Equip. Maint., Inc.,* 582 F. Supp. 3d 511, 514 (E.D. Mich. 2022) (citing E.D. Mich. LR 7.1(h)(2)(A)).

Allied has not presented new facts that could not have been discovered with reasonable diligence before the prior decision, nor has it identified an intervening change in controlling law. See generally ECF No. 32. Accordingly, only subsection (A) is relevant here.

### B. Extensions of Time After a Deadline Has Passed

When a party seeks an extension before a deadline expires, it must show "good cause." Fed. R. Civ. P. 6(b)(1)(A). When, as here, the request is made after the deadline has passed, the movant must also demonstrate "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The excusable-neglect standard is strict and "can be met only in extraordinary cases." *Turner v. City of Taylor,* 412 F.3d 629, 650 (6th Cir. 2005) (quotation omitted).

### III. ANALYSIS

The Court considered the arguments advanced by Allied in its motion to compel but rejected them. Allied's motion for reconsideration does not establish that the Court made a mistake; rather it simply shows a general disagreement with this Court's findings.

Allied offers additional details to explain the reasons why the depositions did not take place and takes issue with the Court's statement that it offered no explanation for why the motion was untimely filed. ECF No. 32. However, Allied does not dispute that the motion was untimely filed. Instead, Allied proposes that multiple cancellations and rescheduling of depositions amount to good cause and excusable neglect. But those cancellations occurred before the discovery deadline expired.

Allied's explanation for the delay in filing can be distilled to three contentions: (1) the scheduling orders did not specify a deadline for a motion to compel; (2) the depositions were scheduled for January 29, 2026, but were cancelled two days before due to defense counsel's family medical emergency; and (3) defense counsel assumed the depositions would be addressed at the February 18, 2026 settlement conference, not foreseeing that Plaintiff's counsel would contend Defendant had forfeited its right to the depositions. ECF No. 32 at PageID.318–19.

These contentions do not identify a mistake by the Court. The Court considered the multiple reschedulings and the family medical emergency. *See* ECF No. 27 at PageID.306. Indeed, Court weighed those facts and still found them insufficient—a determination that Allied characterizes as error but does not actually show was mistaken.

Allied's motion for reconsideration focuses narrowly on whether the late filing was excusable. It does not—and cannot—address the Court's equally dispositive finding that Allied failed to explain why it could not secure the depositions during nine months of fact discovery.

Allied's own pleadings foreclose any claim of diligence. By its account, counsel was aware before the close of discovery that the depositions remained unscheduled, yet chose to assume that the matter would be resolved at a settlement conference scheduled after the discovery cutoff. *See* ECF No. 32 at PageID.319 ("[D]efense counsel assumed (clearly naively and incorrectly) the depositions would be addressed at the February 18, 2026 settlement/status conference."). Allied's account is difficult to reconcile on its own terms. If defense counsel genuinely assumed the deposition issue would be resolved at the February 18 settlement conference, it is unclear why she filed a motion to compel the day before—on February 17. The filing of that motion suggests counsel had already abandoned any expectation that the conference would resolve the matter, which undermines the very assumption Allied now invokes to excuse its delay. *See* ECF No. 32 at PageID.318–19.

This does not establish good cause or excusable neglect. Settlement conferences are convened to afford parties an opportunity to resolve their dispute on agreed terms — they are not a vehicle for addressing discovery failures or a

substitute for timely motion practice. Counsel's unilateral and unfounded expectation that a settlement conference would serve as the forum to resurrect lapsed discovery rights is precisely the kind of lack of diligence that *Turner* forecloses. To hold otherwise would permit parties to sidestep discovery deadlines simply by pointing to a forthcoming conference and hoping for the best—an outcome this Court declines to countenance.

Even if this Court were to credit Allied's explanation for the 11-day delay in filing, that finding would not change the outcome of the prior decision. Allied has offered no explanation for why, in nine months, it was unable to secure the depositions it now seeks to compel. The Court's ruling was grounded in the totality of the circumstances. Allied's motion addresses only one of those circumstances while leaving the other unrebutted.

Following this reasoning, to succeed on reconsideration under Local Rule 7.1(h)(2)(A), Allied must show not only that the Court made a mistake, but that correcting it would change the outcome of the prior decision. *Hillman Power Co.*, 582 F. Supp. 3d at 514. Allied cannot meet this requirement.

Because Allied's arguments go only to the timeliness of its filing and not to its nine-month failure to diligently pursue discovery, correcting any purported error regarding the untimely filing would not change the Court's ultimate ruling. The Court's conclusion that Allied had ample time—nine months—to secure the

- 8 -

depositions and failed to do so without explanation remains unaddressed and undisturbed by Allied's motion.

In sum, Allied's motion for reconsideration will be denied. Allied has not demonstrated that the Court committed a mistake, that any such mistake was outcome-determinative, or that it was based on the record and law before the Court.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 32, is **DENIED**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 12, 2026

- 8 -